CHARLES M. ALCOTT, DEFENDANT IN ERROR, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY, PLAINTIFF IN ERROR.

Argued June 5, 1908—Decided November 9, 1908.

The fact that plaintiff's wagon wheel caught in a switch device, whereby plaintiff was thrown and injured, will not *ipso facto* furnish the basis for a verdict against defendant, where the latter

presented uncontradicted exculpatory proof that the switch was of standard pattern and in general use and that it was properly laid and inspected.

On error to Camden Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the defendant in error, *John W. Wescott.*

For the plaintiff in error, *Edward Ambler Armstrong.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff was driving a loaded wagon on Broadway between Walnut and Newton avenues, in Camden, in April, 1906. He had frequently driven over the same route and was familiar with the locality. Upon this occasion, as he approached a cross over, used by defendant company as part of its track system to switch cars to an adjoining track, he turned to the right with the view of leaving the track for the purpose of passing a team ahead of him. Instead of leaving the track, however, his wheels skidded or slid along the track until one of the wheels came in contact with what is called "the mate" in the switching device, at which point the wheel became locked and the wagon suddenly stopped, throwing the plaintiff from his seat, causing him the injuries which form the basis of this suit. The writ of error is directed, mainly, to the exception to the refusal of the court to nonsuit, and to direct a verdict, substantially upon the grounds that no act of negligence, and no omission of legal duty by defendant, had been shown upon which a verdict against it could be predicated. The various assignments of error, as well as defendant's requests to charge, are based upon this conception of the absence of legal liability upon defendant's part as a tort-feasor. To support this contention, upon the motion to direct a verdict, the record shows that the switch in question was of standard make; was commonly used in street railway traffic;

had been properly installed, and that it was daily inspected by competent employes. It furthermore appeared that it was in good order upon the day of the accident, and also upon the day before and the day after the accident. In view of this *status* the utmost that can be claimed in favor of the plaintiff's right of action is, that the doctrine of *res ipso loquitur* required the defendant to exculpate itself by furnishing proof of the performance of its legal duty, which proof would be tantamount to negativing the existence of actionable negligence. *Bahr* v. *Lombard, Ayres & Co.*, 24 *Vroom* 233; *Collins* v. *West Jersey Express Co.*, 47 *Id.* 551.

Such uncontradicted proof having been offered in this case, we are unable to perceive that any element of negligence existed upon which the verdict can be legally predicated or supported, and a verdict should, therefore, have been directed for the defendant. *Bobbink* v. *Erie Railroad Co.*, 46 *Vroom* 913.

The judgment of the Circuit Court is reversed.